UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

TAPRICIA DLAINE MCGUFFEY,

          Petitioner,

v.

KATHLEEN P. HEMINGWAY et al.,

          Respondents.

Case No. 1:25-cv-297

Honorable Robert J. Jonker

_____/

## OPINION

Petitioner TaPricia DLaine McGuffey initiated this action on March 17, 2025, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), as well as a "notice of error and demand for correction" (ECF No. 3), a "notice of default and admission by acquiescence" (ECF No. 4), and a "notice of correction and restatement" (ECF No. 6). Petitioner has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion for default judgment (ECF No. 5). For the reasons set forth below, the Court will grant Petitioner leave to proceed *in forma pauperis* but will deny her motion for default judgment.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because she has failed to exhaust her state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I. Leave to Proceed *In Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis* (ECF No. 2).

### II. Motion for Default Judgment

Petitioner has also filed a motion for default judgment. (ECF No. 5.) Petitioner contends that she served her § 2241 petition upon Respondents on March 3, 2025, and that Defendants "failed to respond in any lawful capacity within the time required under the principles of equity." (*Id.*, PageID.287.) As an initial matter, this Court has not ordered service of the petition upon Respondents. In any event, "[d]efault judgment is an extreme sanction that is disfavored in habeas corpus cases." *Lemmons v. O'Sullivan*, 54 F.3d 357, 364–65 (7th Cir. 1985); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases."). As the United States Court of Appeals for the Sixth Circuit has explained:

> "Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Id.* No matter the quality of

the Government's responses, "the District Court was obligated to decide the case on its merits." *Id.*

*Brown v. United States*, No. 20-5090, 2020 WL 10054086, at *5 (6th Cir. Nov. 25, 2020). Accordingly, Petitioner's motion for default judgment (ECF No. 5) will be denied.

### III.    Procedural History and Factual Allegations

On February 28, 2024, Petitioner was charged with fourth-degree child abuse and domestic violence in the 8th District Court in Kalamazoo County, Michigan. *See* Register of Actions, *State of Michigan v. McGuffey*, No. 2024-2408660SM-SM (Kalamazoo Cnty. Dist. Ct.), https://micourt.courts.michigan.gov/case-search/court/D08 (enter "McGuffey" for "Last Name or Business," enter "TaPricia" for "First Name," select "Search," then select the link for Case ID "2024-2408660SM-SM") (last visited Mar. 26, 2025). A complaint was filed on May 24, 2024. *Id.* On June 11, 2024, Defendant appeared for her arraignment and posted bond. *Id.*

The public record indicates that a jury trial was scheduled for July 18, 2024, but that Petitioner failed to appear on that date. *Id.* The district court issued a bench warrant for failure to appear and generated an order forfeiting Petitioner's bail. *Id.* The last notation on the docket indicates that Petitioner's bond was forfeited on August 26, 2024. *Id.*

This is not the first § 2241 petition that Petitioner has filed regarding these pending charges. Petitioner filed her first § 2241 petition on December 26, 2024, naming as Respondents the Honorable Kathleen P. Hemingway, 8th District Court Clerk Kevin Tatroe, the State of Michigan, Jeffrey S. Gettings, Sydney Plochocki, the Kalamazoo Police Department, Lauren Patterson, Todd Nunn, and the Michigan Department of Health and Human Services. That petition was "replete with language commonly used by those who refer to themselves as sovereign citizens." *McGuffey v. Hemingway*, No. 1:24-cv-1346, 2025 WL 314098, at *1 (W.D. Mich. Jan. 28, 2025). In that petition, Petitioner contended that she had been falsely accused of fourth-degree child abuse and

3

of failing to appear for the trial scheduled on July 18, 2024. *Id.* at *2. Petitioner also filed a motion for a writ of mandamus as part of those proceedings. On January 25, 2025, this Court denied Petitioner's motion for a writ of mandamus and dismissed her § 2241 petition without prejudice for lack of exhaustion of available state-court remedies. *See id.* at *5. The Court also declined to issue a certificate of appealability. *Id.*

Undeterred, Petitioner has filed the instant § 2241 petition, again naming Hemingway, Tatroe, Gettings, Patterson, Nunn, and Plochocki as Respondents. Petitioner has also added Holly Thompson and Unknown Parties as Respondents as well. The instant § 2241 petition and exhibits again primarily use language commonly used by sovereign citizens. For example, Petitioner suggests that she is "not appearing generally," but is instead appearing as trustee of the TaPricia DLaine McGuffey Trust, a "Private Trust Estate." (Pet., ECF No. 1, PageID.1.) Petitioner seeks "[f]ull exoneration of fraudulent claims, [r]estoration of all trust rights, and Notice of Claims recognized." (*Id.*, PageID.2.) Petitioner invokes passages from the Bible to contend that she has a "divine right to administer her own trust granted by The Most High Himself, free from unlawful restraint, and financial coercion." (*Id.*)

Petitioner claims that Respondents "have engaged in constructive fraud, misrepresentation, and willful trespass against [her] unalienable rights." (*Id.*, PageID.4.) She suggests that the "State and Federal courts may be operating as corporate financial entities, not de jure judicial bodies," and that Respondents "have refused to disclose the lawful source of their authority." (*Id.*, PageID.5.) Petitioner argues that she "is being commercially and privately restrained under false pretenses by a fraudulent bench warrant, issued without the establishment of proper jurisdiction." (*Id.*, PageID.6.) According to Petitioner, this restraint violates her "rights to freedom of movement and is causing ongoing harm to the private trust estate." (*Id.*) Petitioner also takes issue with the

fact that the district court has ordered that she have no contact with her minor child while the charges against her are pending. (*Id.*, PageID.8.)

Petitioner asks that the Court "operat[e] in equity and as Ministers of the Lord God's Commandments." (*Id.*, PageID.14.) She seeks various forms of release, including "immediate exoneration of all charges, claims, or proceedings." (*Id.*, PageID.15.) Petitioner also requests that the Court direct Respondents to cease "any further unlawful prosecution." (*Id.*, PageID.16.)

### IV.    In Custody Requirement

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As noted above, Petitioner was initially released on bond, but a bench warrant was issued when she failed to appear for the trial scheduled for July 18, 2024. In light of that warrant, the Court assumes, without deciding, that Petitioner has satisfied the custody requirement for purposes of § 2241. *See Hensley v. Mun. Ct., San Jose Milpitas Judicial Dist., Santa Clara Cnty., Cal.,* 411 U.S. 345, 351 (1973) (concluding that a criminal defendant who had been convicted by a state court and released on personal recognizance pending execution of his sentence was nonetheless in custody because he was "subject to restraints 'not shared by the public generally,' like the obligation to appear at court proceedings (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)).

### V.    Exhaustion Under § 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain

5

from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The United States Court of Appeals for the Sixth Circuit has approved consideration of a pretrial § 2241 petition in the following exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *see Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); (3) when a petitioner claims that he has been subjected to excessive bail, *Atkins*, 644 F.3d at 549; and (4) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

Here, none of Petitioner's claims fall within any of the above-listed exceptional circumstances. As noted above, Petitioner essentially suggests that the state charges against her are unconstitutional and seeks dismissal of the charges. Such relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against her, her habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

6

Likewise, Petitioner's reliance on the various theories espoused by sovereign citizens do not entitle her to habeas relief. As the United States District Court for the Southern District of Ohio stated in 2023:

> Petitioner's claims, as interpreted by the Court, do not entitle him to relief. His reliance on "sovereign citizen" theory, the Golden Rule of Law, the Treaty Pactum De Singularis Caelum (Covenant), and Canon of Positive Law Article 28-Spiritual Rights, to argue that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied*, 565 U.S. 1226, 132 S. Ct. 1612, 182 L. Ed. 2d 217 (2012) (stating "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952, 113 S. Ct. 2447, 124 L. Ed. 2d 664 (1993) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *United States v. White*, 480 F. App'x 193, 194, 2012 WL 1560447 (4th Cir. 2012) (providing "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."); *Martin v. McConnell*, No. 1:20-CV-079-P, 2020 WL 1970559, at *2 (W.D. La. Apr. 1, 2020) (stating "habeas claims relying on the UCC and trust laws have been repeatedly rejected" and citing cases); *Dunham v. Davis*, 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. June 29, 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims as a basis for habeas relief); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (denying habeas petition relying on UCC and "secured party sovereign" theory as frivolous); *Figueroa-Hernandez v. Figueroa Hernandez*, No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D. Va. Oct. 7, 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement"). *see also United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting defendant's attempt to argue that he was not a citizen of the United States, but a citizen of the "Republic of Ohio," to whom federal courts' jurisdiction did not apply); *see also United States v. Ward*, 1999 WL 369812, at *2, 182 F.3d 930 (9th Cir.) (holding claims based on "sovereign citizen" theories may be dismissed without "extended argument" as patently frivolous).

*Robinson v. Warden, Madison Corr. Inst.*, No. 2:23-cv-89, 2023 WL 8598279, at *7 (S.D. Ohio Dec. 12, 2023).

Moreover, even if Petitioner's grounds for relief were permitted, the Court has recently advised Petitioner that she would still have to exhaust her available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Nowhere in her petition does Petitioner indicate that she has sought relief in the state courts for her present claims. Notably, a review of public dockets indicates that there are no Michigan appellate court matters linked to Petitioner. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Relief under § 2241 is not available until after Petitioner has pursued and exhausted her state court remedies.

## VI.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth

8

Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment granting Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2), denying her motion for default judgment (ECF No. 5), dismissing her § 2241 petition for lack of exhaustion, and denying a certificate of appealability.


Dated:   April 9, 2025                                    /s/ Robert J. Jonker
                                                                                   Robert J. Jonker
                                                                                   United States District Judge